*Inzlicht-Sprei v. Wells Fargo, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

> *Plaintiff*,

> v.                                                                         20-1444

ELI INZLICHT-SPREI, individually, as a trustee and/or beneficiary of the Sara Sprei Family Trust, and as Executor of the Estate of Sara Sprei

> *Defendant–Cross Defendant–*
> *Cross Claimant–Counter Claimant–*
> *Appellant*,

> v.

WELLS FARGO, N.A.,

> *Defendant–Cross Claimant–Appellee*,

1

LSH CO,

<em>Intervenor–Cross Claimant–<br>Counter Defendant–Appellee</em>,

AVI ROSENFELD, ALAN RUBENSTEIN,

<em>Defendants–Cross Defendants</em>.

---

| | |
|---|---|
| For Defendant–Cross Defendant–Counter Claimant–Appellant | ROBERT R. VIDUCICH, New York, New York |
| For Defendant–Cross Claimant–Appellee *and* Intervenor–Cross Claimant–Counter Defendant–Appellee | THEODORE J. SAWICKI (Courtney E. Quirós, *on the brief*), Alston & Bird LLP, Atlanta, Georgia |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Interpleader claimant Eli Inzlicht-Sprei appeals from a March 31, 2020, memorandum and order and judgment of the Eastern District of New York (Chen, *J.*) declaring, on summary judgment, that Wells Fargo is entitled to the proceeds of an insurance policy taken out on the life of Inzlicht-Sprei's mother, Sara Sprei. Familiarity with the record is presumed. On appeal, Inzlicht-Sprei argues that the policy is a stranger-originated life insurance ("STOLI") policy, impermissible under New York Insurance Law § 3205, and that he is therefore entitled to its proceeds.[1] We disagree and, accordingly, affirm.

---

[1] Inzlicht-Sprei initially presented for review the question whether the district court erred by holding the policy governed by New York law. Throughout his principal brief, he raised numerous other objections to the district court's decision. However, in his reply brief, he argued that "while the Opening Brief does point out . . . various other errors made by the District Court which merit reversal, it is clear from its 'Statement of the Issues Presented For Review' alone that Dr. Sprei . . . has . . . presented a clear basis for

2

At the start, we assume *arguendo* that Inzlicht-Sprei has not waived his § 3205 argument even though he failed to raise it in his principal brief in support of his motion for summary judgment.

Section 3205 provides that "[a]ny person of lawful age may on his own initiative procure or effect a contract of insurance upon his own person for the benefit of any person, firm, association or corporation." N.Y. Ins. L. § 3205(b)(1). This provision "permits a person to procure an insurance policy on his or her own life and immediately transfer it to one without an insurable interest in that life, even where the policy was obtained for just such a purpose." *Kramer v. Phoenix Life Ins. Co.*, 15 N.Y.3d 539, 545 (2010).[2]

Inzlicht-Sprei argues that this permissive rule is inapplicable here because his mother did not procure the policy on her own initiative. We disagree. "The statutory mandate that a policy must be obtained on an insured's 'own initiative' requires that the decision to obtain life insurance be knowing, voluntary, and actually initiated by the insured." *Id.* at 551. That is, "the insured's decision must be free from nefarious influence or coercion." *Id.* Inzlicht-Sprei has failed to raise a genuine issue of material fact as to whether his mother was induced to take out the policy by nefarious influence or coercion. He claims that agents of Signature Capital approached his family about investing in a life insurance policy on Sprei's life, but "the initiative requirement, without more, does not prohibit an insured from obtaining a policy pursuant to a noncoercive

_____

reversal," namely, the application of § 3205. Appellant's Reply Br. at 1. Indeed, he admonished the Court to "not even bother reading" the portions of Appellees' brief that did not address "the controlling issue at bar: . . . whether the District Court erred by ignoring N.Y. Insurance Law § 3205." *Id.* at 2. We therefore consider any arguments on other points abandoned and do not address them.

[2] In 2009, New York strengthened its ban on STOLI policies. *See* N.Y. Ins. L. § 7815. However, neither party disputes that this policy, procured before § 7815's enactment, is governed by § 3205. *See also Kramer v. Phoenix Life Ins. Co.*, 15 N.Y.3d 539, 549 n.5 (2010).

arrangement with an investor." *Id.* at 552. To be sure, Inzlicht-Sprei asserts that "[o]ther than Ms. Sprei's submitting to a physical examination, signing the medical form and signing certain application documents in blank, she was not involved in the application process." Joint App'x at 548. But this contention is insufficient to permit a finding that Sprei was nefariously influenced or coerced, especially in light of Inzlicht-Sprei's statement that Sprei came up with the idea to purchase and sell an insurance policy on her life. For these reasons, Inzlicht-Sprei has not demonstrated the existence of a genuine issue of material fact that would preclude concluding as a matter of law that the policy was valid under § 3205.

We have considered Inzlicht-Sprei's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk